IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IDEAL INDUSTRIES, INC.
Plaintiff
vs
UNITED AGENCIES, INC.
Defendant

CIVIL 05-2015CCC

# O R D E R

This is a declaratory judgment action seeking a declaration that, even if arguendo Law 21 (10 L.P.R.A. §§279 et. seq.) or Law 75 (10 L.P.R.A. §§278 et. seq.) applies, plaintiff had just cause to terminate the contractual relationship with defendant.  Plaintiff filed a Motion for Preliminary Injunction (**docket entry 4**), renewed in docket entry 19, requesting that it be allowed to seize the inventory on consignment totaling approximately $71,596.51, located at defendant's premises, which plaintiff placed during its contractual relationship with defendant. Movant claims that the consigned products "could be used to fulfill clients' needs in the Island" (Motion, at p. 9) and that the inventory could be lost, damaged or become obsolete.  In its opposition to defendant's cross-motion for preliminary injunction (**docket entry 14**), plaintiff recognizes that if money damages can fully alleviate harm, then the harm cannot be said to be irreparable, citing K-Mart Corporation v. Oriental Plaza, 875 F.2d 911, 914 (1st Cir. 1989). Plaintiff's description of damages clearly points to money damages that are readily ascertainable, were there a total loss.  The injury described can be adequately and fully compensated were plaintiff to prevail in this case.  Accordingly, the Court DENIES the request for a preliminary injunction due to the lack of irreparable injury.

Defendant also seeks a preliminary injunction under the statutory provisions of both Law 75 and Law 21, 10 L.P.R.A. §§278b-1 and 279e, respectively.  A review of defendant's request contained in the same document as its opposition to plaintiff's counter-motion for equitable relief (**docket entry 9**) convinces us that defendant has not analyzed the situation

CIVIL 05-2015CCC                                          2

from the point of view of a movant who must establish all of the requirements of such extraordinary relief. In sum, defendant has successfully opposed its adversary's motion, yet failed to establish the requirement of likelihood of success at this point. For example, it argues at page 5 of its Motion that a new contract was entered in 1997 which was pursued by the parties, although unsigned, and that "a jury could find more credible the testimony of Mr. Andrés Zayas which is supported by the exhibits herein included than the bare assertions of the plaintiff's present officer. A jury's finding that there existed a contract covered by Law 21 is likely." Motion (docket entry 9), at p.5. These are conclusory assertions which would require speculation on our part for us to adopt them.

Accordingly, both requests for a preliminary injunction, that of plaintiff (**docket entries 4 & 19**) and defendant (**docket entry 9**), are DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on April 27, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge